UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>AHMAD KHAN RAHAMI,<br><br>         Defendant. | Mag. No. 16-3594 (MF)<br><br><br>**ORDER** |

**FALK U.S.M.J.**

  Before the Court is a letter from the Office of the Federal Public Defender (the "Federal Defender") dated September 21, 2016, requesting that the Court schedule an initial appearance and appoint counsel for Ahmad Khan Rahami, Defendant in the above matter. [ECF No. 2-1.] The Government has opposed the application, and the Federal Defender has filed a reply. [ECF Nos. 2-3.] For the reasons stated below, the Federal Defender's application is **DENIED**.

  Federal Rule of Criminal Procedure 5(a)(1)(A) directs a person who "makes an arrest" to bring the person before the Court "without unnecessary delay." Id. Defendant is the subject of criminal charges in the District of New Jersey, the Southern District of New York, and the State of New Jersey. At the present time, Defendant is in state custody based on charges filed by the State of New Jersey; he is not in federal custody

based on any federal charges. Rule 5 is not triggered until there is an "arrest" by federal authorities. See, e.g., United States v. Alvarez-Sanchez, 511 U.S. 350, 358 (1994) (holding Rule 5 is triggered when a defendant is arrested on federal charges; state charges and an arrest by state authorities does not trigger Rule 5). Since there has not been a federal "arrest," it would be premature to schedule an initial appearance. Moreover, even were the Court inclined to schedule an initial appearance, the Government represents that Defendant is currently "incapacitated and intubated" and is not in sufficient health for presentment to the Court, even at a bedside proceeding.

As for the request to appoint counsel, the Criminal Justice Act provides for the appointment of counsel at an initial appearance. See 18 U.S.C. § 3006A(c) (appointments begin at the "initial appearance before the United States magistrate judge or the [district] court"). As stated, the scheduling of an initial appearance in this matter is premature, which means it is concurrently premature to appoint counsel.

In its four-paragraph reply letter, the Federal Defender essentially concedes that the appointment of counsel is not currently required, but requests that the Court exercise "discretion" and appoint counsel prior to an initial appearance because Defendant is the subject of an investigation. The Court disagrees with the assertion that it has discretion to appoint counsel under these circumstances. However, even assuming such discretion, the Court would decline to exercise it. The Sixth Amendment right to counsel is not triggered by the filing of a criminal complaint, see United States v. Santiago, 180 Fed. Appx. 337, 339 (3d Cir. 2006), which is all that has occurred in this District. Neither

Defendant nor anyone acting on his behalf has requested that this Court appoint counsel. Nor has anyone set forth financial eligibility for same under the CJA. Absent a federal arrest and Defendant being in federal custody, the Court concludes that it would be inappropriate to appoint federal counsel now.[1]

If Defendant is taken into federal custody, the Court will revisit the issue.

**SO ORDERED**.

                                                    <u>s/Mark Falk</u>
                                                  **MARK FALK**
                                                  **United States Magistrate Judge**

**DATED:  September 23, 2016**

---

[1] Of note, in the Southern District of New York, The Federal Defenders of New York, Inc. filed a substantially similar application before United States Magistrate Judge Gabriel W. Gorenstein. Judge Gorenstein denied the application finding that no federal arrest had occurred for purposes of Rule 5, and that the Court lacked jurisdiction to appoint counsel because Defendant is not in federal custody. [ECF No. 2.]